**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

STEVEN SOTO,

*Defendant*.

Crim. No. 20-585

**OPINION**

**VAZQUEZ, DISTRICT JUDGE**

Pending before the Court is Defendant Steven Soto's motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1).  D.E. 2.  The government opposes the motion.  D.E. 5.  The Court reviewed the parties' submissions and considered the motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b).    For the following reasons, the Court denies the motion.

### I.    Background

This matter originated in the United States District Court for the District of Massachusetts.  On April 16, 2015, a jury found Soto guilty of five counts of wire fraud, 18 U.S.C. § 1343, and six counts of aggravated identity theft, 18 U.S.C. § 1028A.  The convictions stemmed from a mortgage fraud scheme, in which Defendant and his co-defendants obtained mortgages through materially false statements.  PSR ¶ 2.  The scheme included the use of straw buyers along with various lies about the borrower's income, employment, assets, liabilities, and use of the residences.  *Id.*  The mortgages were never honored, causing a loss of $1,055,474.  *Id.*

Defendant also had prior convictions before the scheme.  Among them were convictions

for mail fraud, wire fraud, bank fraud, and aggravated identity theft ("2011 Offenses"). *Id.* ¶ 35. In committing the 2011 Offenses, Defendant used the identities of certain persons that he again used in this case. *Id.* In addition, while on supervised release as to the 2011 Offenses, Defendant twice lied to his probation officer about his places of employment and may have been involved in additional fraudulent conduct. *Id.*

On October 25, 2013, Senior United States District Judge Mark L. Wolf sentenced Defendant to a total of 65 months imprisonment followed by 4 years of supervised and ordered restitution in the amount of $1,055,474. Soto's supervised release began on July 2, 2018 in the Southern District of New York. On August 16, 2019, his supervision was transferred to the District of New Jersey.

On July 29, 2020, the Clerk's Office received a request on behalf of Defendant to docket a letter as a motion for early termination. The motion was under the letterhead and signature of the attorney who represented Soto in his criminal case. The United States Probation Office then contacted counsel, who confirmed that he (counsel) had not prepared or signed the letter. In short, Soto submitted the letter using his attorney's name and letterhead without the attorney's permission or knowledge.

Undeterred, Soto then re-filed the initial motion *pro se*. Soto asserts that his supervised release should be terminated because he found full-time employment as a Christian minister, he is happily married with a newborn son, and he has made general progress in his life. Soto adds that he has been transferred to the "low intensity" caseload, which only requires him to report once a month. As for the $1,054,536 owed in restitution, Soto has made five payments totaling $1,113.85.

## II.     Legal Standard

18 U.S.C. § 3583(e)(1) provides that, "after considering the factors set forth in section

3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," the Court may

> terminate a term of supervised release and discharge the defendant
> released at any time after the expiration of one year of supervised
> release, pursuant to the provisions of the Federal Rules of Criminal
> Procedure relating to the modification of probation, if it is satisfied
> that such action is warranted by the conduct of the defendant
> released and the interest of justice;

18 U.S.C. § 3583(e)(1).  The § 3553(a) factors the Court must consider are

> (1) the nature and circumstances of the offense and the defendant's
> history and characteristics; (2) the need to afford adequate
> deterrence to criminal conduct, protect the public from further
> crimes of the defendant, and provide him with needed educational
> or vocational training, medical care, or other correctional treatment
> in the most effective manner; (3) the kinds of sentence and
> sentencing range established for the defendant's crimes; (4)
> pertinent policy statements issued by the United States Sentencing
> Commission; (5) the need to avoid unwarranted sentence disparities
> among defendants with similar records who have been found guilty
> of similar conduct; and (6) the need to provide restitution to any
> victims of the offense.

*United States v. Davies*, 746 F. App'x 86, 88 (3d Cir. 2018) (citing 18 U.S.C. § 3553(a)(1), (2)(B)–

(D), (4)–(7)); *accord United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020).  After considering

those § 3553(a) factors, a district court may, in its discretion, terminate a period of supervised

released if it is satisfied that such action "is warranted by the defendant's conduct and is in the

interest of justice." *Melvin*, 978 F.3d at 52.  The court need not make specific findings of fact with

respect to each factor—a statement that the court has considered the factors is sufficient. *Id.* (citing

*United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).

Recently, in *Melvin*, the Third Circuit clarified that a District Court need not find

extraordinary, compelling, or changed circumstances to justify an early termination of supervised

release. *Id.* But, the Third Circuit made clear, that does not mean such circumstances are irrelevant to granting or denying a motion for early termination of supervised release. *Id.* The court in *Melvin* explained "[t]hat is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.* The Third Circuit continued that "[w]e think that '[g]enerally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Id.* (emphasis in original) (quoting *Davies*, 746 F. App'x at 89); *see also United States v. Szymanski*, No. 12-0247, 2020 WL 6515958, at *2 (W.D. Pa. Nov. 5, 2020) ("The court explained in *Melvin* that, although not required, some changed circumstances will generally be important to warrant early termination of supervised release [.]").

## III.    Discussion

The Court denies Soto's Motion. Defendant's motion does not analyze the § 3353(a) factors, and in considering all of them, the Court finds that an early termination of supervised release is not appropriate. Weighing in Defendant's favor is that he has undertaken a vocation as a minister. Both finding a career and seeking a spiritual path (regardless of the underlying religion) are commendable, although not extraordinary. As for his marriage and fatherhood, the Court does not view such events as either weighing in favor or against Defendant's motion.

However, despite being on release for over two years, Defendant has only paid a nominal portion towards his sizable restitution. Defendant provides no explanation as to why he has been unable to pay more. Moreover, the nature and circumstances of the offense weigh against granting the motion. Defendant engaged in a serious, large scale fraud. And Defendant committed the current fraud on the heels of engaging in another sizable fraud scheme. Finally, Defendant

apparently attempted to scam the Court in this motion.  Defendant tried to file his initial motion under the letterhead and signature of his defense counsel although his counsel had no part in actually drafting the document.  Such actions indicate to the Court that Defendant should probably be punished more severely.  At a minimum, such actions reflect that Soto should not be released from his supervised release early.

## IV.    Conclusion

Based on the foregoing, Soto's Motion is denied. An appropriate Order accompanies this Opinion.

Dated:  December 4, 2020

**John Michael Vazquez, U.S.D.J.**